## Anna Przybylski, Defendant in Error, v. John P. Remus, Plaintiff in Error.

### Gen. No. 22,517.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS TAYLOR, JR., Judge, presiding. Heard in this court at the October term, 1916. Reversed without remanding. Opinion filed July 2, 1917. Rehearing denied July 16, 1917.

### Statement of the Case.

Action of trespass on the case, prosecuted by leave of court *in forma pauperis,* by Anna Przybylski, plaintiff, against the Eagle Brewing Company, a corporation, Anton J. Cermak, bailiff of the Municipal Court of Chicago, Stanley S. Walkowiak, Thomas Wardenski, Vincent Zwiefka and John P. Remus, de-

fendants. By direction of the trial judge, all of the defendants except John P. Remus were eliminated from the case before it was finally submitted to the jury as to defendant Remus. Plaintiff had a verdict against Remus for $2,195, upon which, after a remittitur of $945, judgment for $1,250 was entered. Remus prosecutes this writ of error in which he made his codefendants parties. On motion, his codefendants not having appeared after service, a judgment of severance was entered, and this writ of error is prosecuted solely by defendant Remus.

HARRY A. BIOSSAT and NELS H. OLSON, for plaintiff in error.

E. M. SEYMOUR, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. SHERIFFS AND CONSTABLES, § 46*—*when officer is protected by writ of restitution.* A writ of restitution protects the officer executing it in all that he lawfully does in virtue of it, and the proceedings in which it was issued cannot be attacked as against him.

2. SHERIFFS AND CONSTABLES, § 46*—*when officer may disregard private arrangements as to possession in serving writ of restitution.* Private arrangements between a defendant in possession and another by which the character of the possession is changed are not to be inquired into by an officer who comes with a writ of restitution and finds defendant in possession, and, therefore, such an arrangement cannot be set up as overcoming the writ, in an action of trespass on the case growing out of the execution of the writ.

3. FORCIBLE ENTRY AND DETAINER, § 105*—*what care required of officer executing writ of restitution.* In removing goods in executing a writ of restitution in forcible entry and detainer proceedings, the officer is not required to look for money in unexpected and unusual places, such as between the springs and mattress of a bed.

4. FORCIBLE ENTRY AND DETAINER, § 105*—*what is duty of person*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*to safeguard his goods being removed under writ of restitution.* It is the duty of one whose goods are being removed from premises under a writ of restitution, in forcible entry and detainer proceedings, to take steps to safeguard his valuables when instructed by the officer to do so.

5. Conspiracy, § 12*—*what constitutes material variance between pleading and proof.* Where a declaration contains in each count a charge of conspiracy to do the things complained of and there is no evidence of conspiracy, there is a material variance between the pleading and the proof.

6. Conspiracy, § 12*—*what will not support charge of.* A judgment against one of the alleged co-conspirators will not support a charge of conspiracy.

7. Conspiracy—*what constitutes.* A conspiracy is a combination of two or more persons for the purpose of accomplishing a criminal or unlawful act or an object either criminal or unlawful by unlawful means, or a combination of two or more persons to do something unlawful as a means to an ultimate end.

8. Sheriffs and constables, § 40*—*what is duty of officer as to execution of writ.* It is the duty of an officer receiving a writ of restitution regular on its face to execute it, and he has no power to review the action of the court issuing it.

9. Forcible entry and detainer, § 105*—*what is duty of owner to protect goods being removed under writ of restitution.* It is the duty of one whose goods have been removed under a writ of restitution in forcible entry and detainer proceedings to use his best efforts to protect it from damage.

10. Forcible entry and detainer, § 105*—*when officer removing goods under a writ of restitution is not liable for damage.* The officer removing goods under a writ of restitution, in forcible entry and detainer proceedings, is in no way responsible for damage occurring to the goods after their removal from the premises.

11. Instructions, § 110*—*when instruction erroneous as inapplicable to pleading.* An instruction which is not applicable to the claim set up in the declaration is faulty.

12. Sheriffs and constables, § 83*—*when instruction in action for damage against officer serving writ is erroneous.* In an action against an officer to recover for damage to property through the execution of a writ of restitution, an instruction which fails to inform the jury of the protection which the writ afforded those acting under it, and informs the jury that if they believe the plaintiff was the owner of the property and was in peaceable possession at the time, they should find the officer executing the writ guilty, is erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.